UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18-cr-08-TWP-VTW-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL CUNDIFF | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cr-00008-TWP-VTW |
| ) | |
| MICHAEL CUNDIFF, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Michael Cundiff ("Mr. Cundiff") has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 58.) Mr. Cundiff seeks immediate release from incarceration if he were to contract the coronavirus. For the reasons explained below, his motion is **denied**.

**I.   BACKGROUND**

In 2018, Mr. Cundiff pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Dkt. 37, 38.) At his change of plea hearing, Mr. Cundiff stipulated to the following factual basis. Law enforcement officials executed a search warrant at Mr. Cundiff's home after receiving multiple tips that usernames registered to his IP address were uploading child pornography images. During an interview, he admitted to uploading five sexually explicit images of prepubescent children, including images of children being sexually abused. (Dkt. 20 at 10-13.)  The Bureau of Prisons ("BOP") lists Mr. Cundiff's anticipated release date (with good-conduct time included) as October 6, 2028.

Mr. Cundiff is 38 years old.  He is currently incarcerated at United States Penitentiary in Marion, Illinois ("USP Marion").  As of May 5, 2021, the BOP reports that no inmates or staff

2

members at USP Marion have active cases of COVID-19; it also reports that 755 inmates at USP Marion have recovered from COVID-19 and that 2 inmates at USP Marion have died from the virus. https://www.bop.gov/coronavirus/ (last visited May 5, 2021). The BOP also reports that 716 inmates and 139 staff members at USP Marion have been fully inoculated against COVID-19. *Id.*

In January 2021, Mr. Cundiff filed a *pro se* motion for compassionate release. (Dkt. 58.) Upon review of the motion, the Court concluded that it could resolve this matter without a response from the Government. Thus, the motion is now ripe for decision.

## II.   DISCUSSION

Mr. Cundiff seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 58.) Specifically, he contends that his underlying medical conditions (hypertension, hypothyroidism, and obesity), make him more susceptible to severe complications from COVID-19, combined with the BOP's inability to control COVID-19 outbreaks in their facilities establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* Mr. Cundiff further asserts two other extraordinary and compelling reasons warranting release: his desire to help care for his minor children so they do not need to go to daycare and his desire to help run errands for his father so he is not unnecessarily exposed to COVID-19. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also

3

permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by

5

prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Cundiff first argues that he establishes extraordinary and compelling reasons justifying his release because his father is at high-risk for complications if he were to contract COVID-19, and if released, Mr. Cundiff can help his father to limit his exposure by running errands for him. Mr. Cundiff further states that his wife is a nurse, and they have two young children who go to daycare while she is at work. If he is released, Mr. Cundiff would be available to watch the children instead of daycare, thereby limiting their risk of exposure to COVID-19. Neither of these circumstances establish extraordinary and compelling reasons justifying compassionate release. While it is admirable that Mr. Cundiff wishes to help with the care of his children while his wife is at work, parents everywhere have been faced with hard decisions regarding childcare throughout

6

this pandemic. It is clear that there is already available and appropriate childcare for Mr. Cundiff's children in the form of daycare, and his help, while beneficial, is not needed. Similarly, with regards to his father, many inmates have family members whom they might like to support; however, the desire to care for parent is not an extraordinary and compelling reason warranting a sentence reduction. *Cf. United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-1, Dkt. 33 (S.D. Ind. Aug. 12, 2020) (same); *United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (same); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Mr. Cundiff also asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because of his underlying medical conditions. Although Mr. Cundiff purports to have a condition that increases his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 4, 2021) (identifying obesity as a condition that can make you more likely to get severely ill from COVID-19), he contracted COVID-19 in July 2020. (Dkt. 58 at 5.) According to his medical records, Mr. Cundiff remained asymptomatic throughout his infection and was considered fully recovered by the end of August, at the latest. (Dkt. 58-1 at 1.) Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*,

No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, Dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Any potential concern about reinfection in the future does not change the result. The Court recognizes that USP Marion previously experienced a serious outbreak of COVID-19. Nonetheless, any reliance on the possibility that Mr. Cundiff will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited May 4, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, Dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including those at USP Marion—only underscores the speculative nature of any concern about reinfection.

Finally, Mr. Cundiff's complaints about the medical care he has received at USP Marion might conceivably support civil action in his district of incarceration. They do not, however,

constitute an extraordinary and compelling reason that warrants releasing him from incarceration more than 7 years early.

Given the Court's determination that Mr. Cundiff has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether Mr. Cundiff is a danger to the community and whether the § 3553(a) factors weigh in favor of his release. *See United States v. Dyson*, No. 1:14-cr-67-SEB-DML, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (concluding that it is not necessary to address the § 3553(a) factors or the question of danger to the community because the defendant had not demonstrated that extraordinary and compelling reasons justify any modification to his sentence).

### III. CONCLUSION

For the reasons stated above, Mr. Cundiff's Motion for compassionate release, (Dkt. [58]), is **DENIED**.

**SO ORDERED.**

Date: 5/10/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Cundiff, #16213-028
United States Penitentiary
P.O. Box 1000
Marion, Illinois 62959

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov