UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18-cr-00008-TWP-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL CUNDIFF | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cr-00008-TWP-VTW |
| ) | |
| MICHAEL CUNDIFF, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND AMENDMENT 821 REQUEST REMAINS PENDING

This matter is before the Court on Defendant Michael Cundiff's ("Cundiff") letter filed January 5, 2024 in which he requests compassionate release and a sentence reduction under Amendment 821 of the United States Sentencing Guideline. The letter has been docketed as a Motion for Compassionate Release. (Dkt. 82). Counsel has appeared to represent Cundiff on the Amendment 821 request (Dkt. 83), and that issue remains pending. This order concerns only the Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) (Dkt. 82). For the reasons explained below, the motion for compassionate release is **denied**.

### I.   BACKGROUND

In 2018, Cundiff was charged by indictment with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct. He pled guilty pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Dkt. 38). At his change of plea hearing, Cundiff stipulated to the following factual basis (Dkt. 20 at 10-13). Law enforcement officials executed a search warrant at Cundiff's home after receiving multiple tips that usernames registered to his IP address were uploading child

2

pornography images. *Id.* During an interview, he admitted to uploading five sexually explicit images of prepubescent children, including images of children being sexually abused. *Id*. This offense was Cundiff's his second conviction for the same type of conduct and all after he had "successfully" completed a sex offender treatment program.

The provisions of Cundiff's binding plea agreement included a term of imprisonment of no less than 132 months and no more than168 months imprisonment, and "[t]he defendant will serve a lifetime term of supervised release." (Dkt. 20 at 7). The guideline sentencing range was 120 to 150 months of imprisonment. (Dkt. 29 at 14). The Court sentenced Cundiff to 150 months of imprisonment followed by lifetime supervised release. (Dkt. 38 at 2, 3). The Bureau of Prisons ("BOP") lists Cundiff's anticipated release date (with good-conduct time included) as October 20, 2028. https://www.bop.gov/inmateloc/ (last visited February 12, 2024).

In 2021, Cundiff filed his first motion for compassionate release, (Dkt. 58), which the Court denied. (Dkt. 59). In his second *pro se* motion for compassionate release Cundiff argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he has not had access to medical treatment while in BOP for his mental and physical health conditions and the harsh conditions of prison have exacerbated his mental health issues, (2) he has a neurological condition that causes him to put himself in life-threatening situations in prison, and (3) he wishes to be home to provide care for his minor son and his ailing father. (Dkt. 82 at 1-2.) The Court has concluded that it can resolve the motion without a response from the United States.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are

3

applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Cundiff first argues that there are extraordinary and compelling reasons for his release because he has not had access to mental health counseling or treatment for various physical conditions that he suffers from. (Dkt. 82 at 1.) He asserts that he suffers from hypothyroidism, high blood pressure, and nerve damage for which he is not receiving proper treatment while incarcerated. *Id.*

While the Court acknowledges that these illnesses can be serious, it does not appear that Cundiff is unable to provide self-care due to these conditions or that these conditions are debilitating or life-threatening. Regarding his allegations that he is not receiving proper medical treatment while incarcerated, such allegations might form the basis for relief in a civil suit filed in Cundiff's district of incarceration but are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison]

4

more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Based on these facts, the Court finds that Cundiff has not met his burden to establish that his medical conditions constitute an extraordinary and compelling reason for compassionate release, either alone or in combination with any other reason.

Next, Cundiff argues that he establishes extraordinary and compelling reasons for release because he has a neurological condition which has affected him since he was a teenager. (Dkt. 82 at 1.) He contends that this condition causes him to engage in behavior that puts his life in danger in the prison environment. *Id*. Cundiff, however, has produced no evidence of any such condition. He has attached no medical records with the instant motion, and the medical records attached to his prior motion contain no indication of this unspecified neurological condition. (Dkt. 58-1 at 1-4.) Though he states that he has suffered from this condition prior to his conviction, the presentence investigation report does not note any such condition. (*See* Dkt. 29 at 11-12.) Because Cundiff has not shown that he suffers from a neurological condition that places his life in danger in prison, he has not met his burden to show that any neurological condition he suffers from constitutes an extraordinary and compelling reason for release, whether considered alone or in combination with any other reason.

Cundiff next argues that he is needed at home to provide care for his son who has autism and is obese. *Id.* at 1. He explains that his son is the victim of abuse and neglect, and that he is needed to protect him from this abuse. *Id*. He also states that his father's health is failing and that that he would provide care for his father if released. Under the recently amended guidelines, two extraordinary and compelling reasons for release are (1) "the death or incapacitation of the caregiver of the defendant's minor child," U.S.S.G. § 1B1.13(b)(3)(A), and (2) "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent,"

5

U.S.S.G. § 1B1.13(b)(3)(C).  Cundiff has produced no evidence that his son's current caregiver has died or is incapacitated, nor has he presented any evidence substantiating his abuse and neglect allegations.  With this lack of evidence that his son has been subjected to abuse, the Court retains doubts that releasing Cundiff to care for his son would ensure his son's safety given the nature of Cundiff's conviction in this case and his prior conviction for neglect of a dependent. (Dkt. 29 at 10.)  Further, Cundiff has produced no evidence that his father's failing health renders him incapacitated or that there are no other caregivers available for his father. Accordingly, the Court finds that Cundiff has not met his burden to establish that care for his son and father is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Cundiff had established an extraordinary and compelling reason, the Court would nevertheless find that Cundiff is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he would live with family and support them upon release. (Dkt. 82 at 2.) He also has plans to obtain employment and health care if he were released. *Id.*  Weighing against him, Cundiff committed a serious crime with unimaginable consequences for his child victims. His criminal history reflects a pattern of crimes related to child abuse.  He has three prior felony convictions including for possession of child pornography and neglect of a dependent, and

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

unlawful entry of an elementary school by a serious sex offender. (Dkt. 29 at 8-10.) His record also shows that post-incarceration supervision may be ineffective to protect children and prevent further criminal acts because he twice pled guilty to criminal offenses committed while on probation including the instant case and has been convicted of unlawful entry of an elementary school. *Id.* Cundiff is not scheduled to be released from prison until October 2028; thus, releasing him now would be a substantial reduction in his sentence. Releasing Cundiff early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

      As a final matter, Cundiff also asks the Court to reduce his term of supervised release. (Dkt. 82 at 2). As noted earlier, the lifetime term of supervised release following Cundiff's imprisonment was a term of his binding plea agreement. He argues that his attorney failed to inform him of any term of his plea agreement related to supervised release and that a lifetime term of supervised release is unconstitutional. *Id.* Cundiff is mistaken. At his change of plea hearing, the Court advised him of his rights, questioned him concerning the terms of the plea agreement—including the lifetime of supervised release—and the Cundiff responded affirmatively that he understood. (*See* Dkt. 37.) Moreover, the statutory provisions for possession of child pornography provides that "the court shall impose a term of supervised release of five years to life." 18 U.S.C. § 3583(k). The lifetime supervised release provisions for possession of child pornography have not been found to be unconstitutional when applied to the original conviction.

In addition, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence. *See United States v. Island*, 336 F. App'x 759, 760–61 (9th Cir. 2009) (addressing similar language in a different subsection and holding that, "[b]y its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence. Island's contention that the language 'term of imprisonment' includes the term of supervised release lacks merit. Though the term of supervised release is part of the sentence, it is not part of the 'term of imprisonment.'"). Accordingly, the Court does not have the authority to reduce or modify the term of Cundiff's supervised release under § 3582(c)(1)(A). Cundiff's request to reduce his lifetime of supervised release is **denied.**

### III. CONCLUSION

For the reasons explained above, Cundiff's Motion for compassionate release, Dkt. [82], is **DENIED**. Cundiff's Motion for Amendment 821 to the United States Sentencing Guidelines remains pending, accordingly, the clerk should not terminate the motion as this time.

**SO ORDERED.**

Date: 2/16/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Cundiff, #16213-028
Federal Medical Center, Devens
P.O. Box 879
Ayer, Massachusetts  01432-0879

UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204

8